Matilda D. WELSH, Plaintiff,

v.

THAYER COMPANY, a corporation, and Thayer, Inc., a corporation, Defendants.

No. 8318(3).

United States District Court, E. D. Missouri, E. D.

June 25, 1954.

John H. Cassidy, St. Louis, Mo., for plaintiff.

Kingsland, Rogers & Ezell, St. Louis, Mo., for defendants.

HARPER, Judge.

This is a suit for the infringement of Patent No. 2,565,415 issued August 21, 1951, to the plaintiff for a combination baby buggy and bassinet, and for damages. Only Claims 2 and 3 of the patent are at issue.

The outstanding feature of the baby buggy under Claims 2 and 3 of this patent is a removable bassinet with a bottom stiffener, which may be removed from the carriage and used as a bassinet, either in a car or as desired. Nothing in plaintiff's patent is completely new, as every element of Claims 2 and 3 of the plaintiff's patent was old in the art long before the plaintiff's patent was applied for in 1947. The plaintiff has merely combined into one, several desirable features.

Since the briefs of the plaintiff admit that the various elements of plaintiff's combination baby buggy and bassinet existed in the art long before the plaintiff's patent was applied for, there is no occasion for the court to set these out in detail.

What we have here is an aggregation of these old ideas blended into an improvement which is better than anything pre-existing plaintiff's patent. An examination of the old ideas and the plaintiff's baby buggy and bassinet, leads the court, however, to the conclusion that there is nothing which constitutes an invention here. There is nothing in-ventive about what plaintiff has done. It took only pure mechanical skill to combine the elements and produce a removable bassinet with a bottom stiffener such as plaintiff has.

This question of combining old elements to claim a patent has been discussed in many cases, and the rule with respect to it is laid down in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. At pages 152–153 of 340 U.S., at page 130 of 71 S.Ct., the court said:

Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly.

"The Court of Appeals and the respondent both lean heavily on evidence that this device filled a long-felt want and has enjoyed commercial success. But commercial success without invention will not make patentability. * * * The courts below concurred in finding that every element here claimed (except extension of the counter) was known to prior art. When, for the first time, those elements were put to work for the supermarket type of stores, although each performed the same mechanical function for them that it had been known to per-

form, they produced results more striking, perhaps, than in any previous utilization. To bring these devices together and apply them to save the time of customer and checker was a good idea, but scores of progressive ideas in business are not patentable, and we conclude on the findings below that this one was not."

What the court said in the Great Atlantic & Pacific Tea Co. case, supra, as set out above, is equally applicable to the plaintiff's patent in this case. The elements that the plaintiff used in its baby buggy performed the same functions which they performed in the other patents referred to in the prior art.

Accordingly, plaintiff's Patent No. 2,565,415 is invalid for want of invention, because it is anticipated by prior use, and therefore, judgment should be for the defendants. Nothing has been added to the stock of knowledge.

Attorneys for the defendants will prepare the findings of fact, conclusions of law and judgment to be entered by the court.